# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| ROTHSCHILD MOBILE IMAGING | ) |
| INNOVATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-617-SLR |
| | ) |
| MITEK SYSTEMS, INC., | ) |
| JPMORGAN CHASE & CO., AND | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this ₁₀ᵗʰ day of March, 2015, having reviewed defendants' motion to dismiss plaintiff's claims of willful patent infringement (D.I. 13), and the papers filed in connection therewith;

IT IS ORDERED that defendants' motion to dismiss plaintiff's claims of willful patent infringement (D.I. 13) is granted, for the reasons that follow:

1. **Background.** On May 16, 2014, plaintiff Rothschild Mobile Imaging Innovations LLC ("Rothschild") filed the instant action against defendant Mitek Systems Inc. ("Mitek") alleging infringement of United States Patent Nos. 7,450,163, 7,456,872, 7,991,792, and 7,995,118 ("the patents-in-suit"). (D.I. 1) On June 12, 2014, plaintiff filed an amended complaint, adding JPMorgan Chase & Co., and JPMorgan Chase Bank N.A. as defendants (collectively with Mitek, "defendants"), and infringement allegations involving additional software products. (D.I. 7) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Standard.** A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

3. The court's determination is not whether the non-moving party "will ultimately

prevail" but whether that party is "entitled to offer evidence to support the claims."

*United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir.

2011). This "does not impose a probability requirement at the pleading stage," but

instead "simply calls for enough facts to raise a reasonable expectation that discovery

will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting

*Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the

court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

### 4. **Analysis.**

To establish willful infringement,

> a patentee must show by clear and convincing evidence that the infringer
> acted despite an objectively high likelihood that its actions constituted
> infringement of a valid patent. The state of mind of the accused infringer is
> not relevant to this objective inquiry. If this threshold objective standard is
> satisfied, the patentee must also demonstrate that this objectively-defined
> risk (determined by the record developed in the infringement proceeding)
> was either known or so obvious that it should have been known to the
> accused infringer.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (citation omitted). An

objectively high likelihood that the infringer's actions constitute infringement of a valid

patent equates with a showing of objective recklessness. *Id.*; *see also Minks v. Polaris*

*Indus.*, 546 F.3d 1364, 1380 (Fed. Cir. 2008). In making these determinations, the court

must examine the totality of the circumstances. *Broadcom Corp. v. Qualcomm Inc.*, 543

F.3d 683, 700 (Fed. Cir. 2008).

5. The Federal Circuit has further explained that,

> in **ordinary circumstances**, willfulness will depend on an infringer's
> prelitigation conduct. It is certainly true that patent infringement is an
> ongoing offense that can continue after litigation has commenced.

3

However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b). So a willfulness claim **asserted in the original complaint** must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

Seagate, 497 F.3d at 1374 (emphasis added).

6. In its original complaint, plaintiff alleged, that "Mitek had knowledge of the

[patents-in-suit] and the allegations of infringement at least since filing of this lawsuit,

when Mitek was placed on actual notice of infringement," and requested a judgment that

Mitek's infringement was willful. (D.I. 1 at ¶¶ 21, 26, 31, 36) The amended complaint

alleges:

On information and belief, Mitek has had knowledge of the [patents-in-suit] and the allegations of infringement since at least the filing of this lawsuit, when Mitek was placed on actual notice of infringement, and Chase Bank has had knowledge of the [patents-in-suit] and the allegations of infringement since at least the filing of this First Amended Complaint. Defendants' infringement of the [patents-in-suit] ha[s] been and continues to be willful and deliberate as of the date the Defendants were placed on actual notice of infringement.

(D.I. 7 at ¶¶ 26, 31, 37, 42)

7. In Aeritas, LLC v. Alaska Air Grp., Inc., 893 F. Supp. 2d 680 (D. Del. 2012),

the court explained that

assertions of willful infringement do not pass muster under Rule 8, given: (a) the apparent recognition by [plaintiff] that it had no good faith basis to assert willful infringement for [defendant]'s prelitigation conduct; (b) the Federal Circuit's recognition that willfulness ordinarily depends on an infringer's prelitigation conduct; and (c) the fact that the burden to prove willful infringement includes more than mere knowledge of the patent.

4

*Id.* at 685. The court concludes that the mere notice of the charge of infringement gleaned from the complaint does not pass muster for a willfulness claim under Rule 8. Moreover, the complaint contains no facts establishing "objective recklessness of the infringement risk." *See e.g., Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, Civ. No. 13-2012-SLR, 2014 WL 5780877, at *5 (D. Del. Nov. 5, 2014) (citation omitted).

8. **Conclusion.** For the aforementioned reasons, defendant's motion to dismiss the allegations of willfulness (D.I. 13) is granted.

United States District Judge