# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MITEK SYSTEMS, INC., JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 14-617-GMS <br><br> JURY TRIAL DEMANDED |
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., NCR CORPORATION, and MITEK SYSTEMS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 14-1142-GMS <br><br> JURY TRIAL DEMANDED |
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CITIGROUP INC., CITIBANK, N.A., NCR CORPORATION, and MITEK SYSTEMS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 14-1143-GMS <br><br> JURY TRIAL DEMANDED |
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., FISERV, INC., and MITEK SYSTEMS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 14-1144-GMS <br><br> JURY TRIAL DEMANDED |

# **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S PROCEDURALLY DEFECTIVE ATTORNEY FEES CLAIM AND INADMISSIBLE EVIDENCE**

Richard C. Weinblatt #5080
Stamatios Stamoulis #4606
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
weinblatt@swdelaw.com
stamoulis@swdelaw.com

*Of Counsel*:

Michael W. Shore
Alfonso Garcia Chan
Andrew M. Howard
**SHORE CHAN DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
ahoward@shorechan.com

**ATTORNEYS FOR PLAINTIFF ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC**

i

**TABLE OF CONTENTS**

I. INTRODUCTION AND FACTUAL BACKGROUND ...................................... 1

II. ARGUMENTS AND AUTHORITIES ................................................................ 1

    A.    Mitek cannot seek attorney fees under 35 U.S.C. § 285 after failing to comply with Fed. R. Civ. P. 54(d)(2)(B). ................................................. 1

    B.    The inadmissible evidence Mitek submitted in support of its Motion should be stricken. ............................................................................... 5

III. CONCLUSION .................................................................................................. 7

# **TABLE OF AUTHORITIES**

CASES:

*Dragon Intellectual Property, LLC v. AT&T Servs., Inc.*,
   No. 13-2061-RGA, 2016 WL 3746377 (D. Del. July 12, 2016) ...........................................4

*E.E.O.C. v. U.S. Steel Corp.*,
   877 F. Supp. 2d 278 (W.D. Pa. 2012)..................................................................................4

*Hosp. of Barston, Inc. v. California Nurses Ass'n/Na. Nurses Org. Comm.*
   No. 5:13-CV-01063, 2014 WL 4679042 (C.D. Cal. Sept. 18, 2014) ...................................3

*Inline Connection Corp. v. AOL Time Warner Inc.*,
   470 F. Supp. 2d 435 (D. Del. 2007)......................................................................................7

*IPXL Holdings v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005).........................................................................................1, 2

*LaSalle Nat'l Bank v. First Conn. Holding Group, LLC*,
   287 F.3d 279 (3d Cir. 2002).................................................................................................4

*Magnetar Techs. Corp. v. Six Flags Theme Parks Inc.*, No. 07-127-LPS-MPT,
   2015 WL 4455606 (D. Del. July 21, 2015) .........................................................................4

*Nova Chemicals Corp. v. Dow Chemical Co.*,
   No. 13-CV-01601 (D. Del. Aug. 7, 2014) ...........................................................................3

*Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*,
   507 U.S. 380 (1993).............................................................................................................2

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Action*,
   278 F.3d 175, 188 (3d Cir. 2002) ........................................................................................4

*Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*,
   No. 14-CV-01203-LPS, 2017 WL 4613643 (D. Del. Oct. 16, 2017) ..................................3

*Vardon Golf Co. v. BBMG Golf Ltd.*,
   156 F.R.D. 641 (N.D. Ill. 1994)...........................................................................................7

*Wedgetail Ltd. v. Huddleston Deluxe, Inc.*,
   576 F.3d 1302 (Fed. Cir. 2009)........................................................................................2, 5

STATUTES:

28 U.S.C. § 1927................................................................................................................3, 4, 5

35 U.S.C. § 285.......................................................................................................................*passim*

**RULES:**

Fed. R. Civ. P. 6 .......................................................................................................................2

Fed. R. Civ. P. 54 .............................................................................................................*passim*

Fed. R. Evid. 408 ................................................................................................................. 7, 8

Fed. R. Evid. 801 ......................................................................................................................6

Fed. R. Evid. 802 ......................................................................................................................8

Fed. R. Evid. 803 ......................................................................................................................5

# I. INTRODUCTION AND FACTUAL BACKGROUND

Mitek squarely admits that its attorney fee motion "does not state an amount or estimate of fees and expenses sought." (D.I. 106 at 9.) Mitek acknowledges that, under the plain language of FED. R. CIV. P. 54(d)(2)(B), it was required to provide that information at the time it filed a motion seeking attorney fees pursuant to 35 U.S.C. § 285. Mitek does not dispute that a late designation of the amount of fees requested or other relief from the requirements of Rule 54 requires a motion and showing of excusable neglect, neither of which Mitek has offered. On this undisputed record, the Court must strike Mitek's attorney fee motion. Further, Mitek's arguments for the admission of settlement communications, non-party writings, and evidence of attorney research from an online patent aggregator should be rejected as inadmissible under the Federal Rules of Evidence.

# II. ARGUMENTS AND AUTHORITIES

### A. Mitek cannot seek attorney fees under 35 U.S.C. § 285 after failing to comply with FED. R. CIV. P. 54(d)(2)(B).

In its Response, Mitek unequivocally admits that its attorney fee motion "does not state an amount or estimate of fees and expenses sought." (D.I. 106 at 9.) That admission is fatal to Mitek's claim for attorney fees under 35 U.S.C. § 285. The Federal Circuit has made clear that "any claim to attorney fees must be processed in compliance with Rule 54(d)(2)(B)," and that "[n]o provision in [35 U.S.C.] Section 285 exempts requests for attorney fees thereunder from compliance with [the rule]." *IPXL Holdings v. Amazon.com, Inc.*, 430 F.3d 1377, 1386 (Fed. Cir. 2005). Thus, to seek fees under Section 285, Mitek was required to file within 14 days after the Court granted Plaintiffs' motion to dismiss an attorney fee motion that specified an amount or estimate of fees sought.[1] Because Mitek

---

[1] Rule 54(d)(2)(B) states: Unless a statute or a court order provides otherwise, the motion [for attorney fees] *must*: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) *state the amount sought or provide a fair estimate of it*; and (iv) disclose, if the court so

1

admits it did not do so, its attorney fee motion is fatally defective and should be stricken. *See* Fed. R. Civ. P. 54(d)(2)(b); *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1306 (Fed. Cir. 2009) (recognizing that failure to timely state the amount of attorney fees sought renders a claim for attorney fees procedurally defective).

Nothing in Mitek's Response even attempts to cure its defective attorney fee motion. Indeed, at this point, Mitek could not cure its error. More than two months have passed since Mitek was required to file a Rule 54(d)(2)(B)-compliant attorney fee motion. And nothing in the record suggests that Mitek could have met, or could now meet, the rigorous standard for showing "excusable neglect," which it would have to show to secure an extension of time under Fed. R. Civ. P. 6(b). *See IPXL Holdings*, 430 F.3d at 1385-86 (stating "excusable neglect . . . is the standard the district court must apply in exercising discretion to enlarge time under Fed. R. Civ. P. 6(b)"). Excusable neglect is not easily shown. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993). Mitek's "inadvertence, ignorance of the rules, or mistakes construing the rules" do not establish excusable neglect. *See Hamilton Beach Brands,* 2012 WL 547375, at *3 (quoting *Pioneer*, 507 U.S. at 392).

Mitek does not cite a single case that suggests that, absent a court order to the contrary, a party can seek fees under § 285 without timely submitting a motion that sets forth an amount or estimate of fees and expenses sought. Mitek's argument (D.I. 106 at 10-11) that courts have discretion to decide liability for fees before considering the amount of any fee award, does not help its case. As the Advisory Committee Notes to the 1993 Amendment of Rule 54 clarify: while evidence bearing on the fees need not be submitted at the time of filing the motion, "[w]hat is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, ***and the amount of such fees (or a fair estimate)***."

---

orders, the terms of any agreement about fees for the services for which the claim is made. (emphasis supplied).

Mitek's argument (D.I. 106 at 10) that the timing parameters of Rule 54 may be altered also falls flat because Mitek has made no attempt to satisfy the good cause or excusable neglect requirements to modify the schedule and has provided no reason for its failure to provide an amount of fees sought. At bottom, Mitek was required to comply with the procedural requirements of Fed. R. Civ. P. 54(d)(2)(B), and admits it failed to do so.

The cases Mitek cites are procedurally and factually distinguishable from this case, and provide no reason to consider Mitek's procedurally defective motion. None of the cases Mitek cites dealt with a procedural challenge to fees sought under Section 285. For example, *Hosp. of Barston, Inc. v. California Nurses Ass'n/Na. Nurses Org. Comm.* (D.I. 106 at 10) was not a patent case and the defendant sought fees purely as a sanction under 28 U.S.C. § 1927. No. 5:13-CV-01063, 2014 WL 4679042, at *1 (C.D. Cal. Sept. 18, 2014). In *Nova Chemicals*, before a motion for attorney fees would have been due, the court instructed the parties to meet and confer about the procedure for a motion for sanctions. *See* Order entering Stipulation and [Proposed] Order Regarding Motion for Sanctions, D.I. 27, *Nova Chemicals Corp. v. Dow Chemical Co.*, No. 13-CV-01601 (D. Del. Aug. 7, 2014). The court took no similar action in this case. Finally, it does not appear that there was any challenge in *Reckitt Benckiser* to whether the attorney fee motion complied with Fed. R. Civ. P. 54. *See, generally, Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*, No. 14-CV-01203-LPS, 2017 WL 4613643 (D. Del. Oct. 16, 2017). In any event, the court denied the defendant's attorney fee motion. *See id*. at *4.

Faced with its error that mandates dismissal of its fees request under § 285, Mitek shifts gears and instead argues the motion to strike is meaningless because the Court may award sanctions under its inherent power or under § 1927 (*see* D.I. 106 at 10, 11-12.) This clear concession of Mitek's failure to properly present a § 285 motion also misses the mark. As a preliminary matter, Mitek's arguments for sanctions on these grounds are extremely

weak. In 11 pages of argument, Mitek dedicates only one sentence to sanctions under the court's inherent power (*see* D.I. 106 at 24) and three conclusory paragraphs to sanctions under 28 U.S.C. § 1927 (*see id*. at 22-23). Moreover, the standards applicable to sanctions under the court's inherent power and under § 1972 are drastically different from the standard applicable to fees under § 285.² Fees under § 285 require only a case that "stands out from others" with respect to the substantive strength of a party's litigation position or the unreasonable way the case was litigated. *Magnetar Techs. Corp. v. Six Flags Theme Parks Inc.*, No. 07-127-LPS-MPT, 2015 WL 4455606, at *3 (D. Del. July 21, 2015).

In contrast to the standard applicable to attorney fees under § 285, § 1927 should only be invoked where the court finds an attorney has (1) multiplied the proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Action*, 278 F.3d 175, 188 (3d Cir. 2002) (citation and internal quotation marks omitted). The principal purpose of sanctions under § 1927 is deterring intentional and unnecessary delay in proceedings. *Id*. Thus, courts are to exercise such sanctioning power "only in instances of a serious and studied disregard for the orderly process of justice." *LaSalle Nat'l Bank v. First Conn. Holding Group, LLC*, 287 F.3d 279, 288 (3d Cir. 2002) (citation omitted). Further, "a finding of bad faith is usually required before inherent-power sanctions are ordered, and generally a court should not resort to such sanctions unless the conduct of a party or an attorney is egregious ***and no other basis for sanctions exists***." *E.E.O.C. v. U.S. Steel Corp.*, 877 F. Supp. 2d 278, 288 (W.D. Pa. 2012) (citations and internal quotation marks omitted, emphasis added); *see also Prudential Ins.*, 278 F.3d at 181,

---

² Mitek cannot make a Rule 11 motion work because they did not comply with the 21-day safe harbor obligation. *See Dragon Intellectual Property, LLC v. AT&T Servs., Inc.*, No. 13-2061-RGA, 2016 WL 3746377, at *2 (D. Del. July 12, 2016) (explaining procedural due process requirements in Rule 11 sanctions cases).

189 n.4. Mitek simply cannot make a showing sufficient to warrant sanctions under any applicable standard in this case, much less the rigorous standards applicable for sanctions under the court's inherent authority or § 1927 after it failed to adequately present a basis for sanctions under § 285.

Because Mitek has still failed to comply with FED. R. CIV. P. 54(d)(2)(B), this Court should strike Mitek's Fee Motion as procedurally defective as a matter of law. FED. R. CIV. P. 54(d)(2)(B); *see Wedgetail*, 576 F.3d at 1306.

> **B. The inadmissible evidence Mitek submitted in support of its Motion should be stricken.**

Mitek's contention that settlement communications, non-party writings, and attorney research from Docket Navigator should be admitted makes a mockery of the Federal Rules of Evidence. In short, Mitek contends that (1) the brief authored by non-party ADS (Matterer Affidavit, Ex. AA) in a different case is admissible as a "public record" and is authentic (D.I. 106 at 15-16); and that (2) the RPX Report (Matterer Affidavit, Ex. X) and "Patent Troll" article are admissible because they are business records (D.I. 106 at 16-17). Both claims are indisputably wrong. First, the "public record" exception to the rule against hearsay requires "[a] record or statement of a public office." FED. R. EVID. 803(8). No such statement exists here. Second, the business record exception to the rule against hearsay requires a "record of an act, event, condition, opinion, or diagnosis," as well as several other conditions set forth in FED. R. EVID. 803(6)(A)-(C)—all of which must be "shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." FED. R. EVID. 803(6). These criteria cannot be met by simply reading statements contained in the documents themselves, as Mitek attempts to do. (D.I. 106 at 16.) Without testimony from or a custodian or other qualified witness, Mitek cannot establish the foundation for its evidence. Thus, all the statements contained in those

documents constitute inadmissible hearsay because they are out of court statements, made by non-party authors and offered for the truth of the matter asserted. FED. R. EVID. 801(c).

Like the above-discussed third-party writings, the "printout of the patent infringement lawsuits filed by entities owned or directed by Leigh M. Rothschild" *is* hearsay. Mitek argues that such information is not hearsay allegedly because "the printout merely is the result of an electronically generated record by Docket Navigator's computerized system, and thus is not a 'statement.'" (D.I. 106 at 17.) But again, this is wrong. The printout of these various cases collectively is not the type of automated-transaction that is captured without any human intervention. Instead, Mitek had to search for the information using certain undisclosed criteria, selected the results Mitek unilaterally believed to be accurate, and then print them out for affirmatively stating that the cases represented in the printout are those allegedly filed by "entities owned or directed by" Mr. Rothschild without any additional proof of ownership or control by Mr. Rothschild. The resulting printout is a statement made by the person (likely Ms. Matterer) who took the actions to generate the report. Moreover, Mitek's purported explanation of the inner-workings of Docket Navigator—a system Mitek does not own—is baseless.

Finally, Mitek's argument for admission of settlement discussions should be rejected. Mitek admits it is asking the Court to consider the parties' settlement negotiations in determining whether to award attorney fees. (*See* D.I. 106 at 7.) But Mitek claims that it will introduce such statements made by Plaintiff during settlement negotiations "to demonstrate RMII's litigation misconduct." Not so. Mitek uses these very negotiations to attack the substantive strength of Plaintiff's litigation position, alleging, for example, that during settlement discussions Plaintiff allegedly provided "conclusory remarks" regarding its Rule 11 investigation and to attempt to prove motive behind those decisions (D.I. 106 at 16.). In

other words, Mitek is using settlement communications for a prohibited purpose—in an attempt to establish liability.

To allow a defendant to paint a plaintiff's settlement responses as allegedly coercive tactics, and to enter such responses into the record is unwarranted. As previously stated, the purpose of Rule 408's exclusionary rule is "to create a protected area in which parties can work to reach a negotiated settlement to their litigation without prejudice to their substantive rights." *Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 652 (N.D. Ill. 1994); *see also Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F. Supp. 2d 435, 444 (D. Del. 2007). This policy favoring "freely-negotiated settlements is one of the strongest in the federal courts." *Vardon Golf*, F.R.D. at 652. To make such negotiations a part of the court record would potentially prejudice Plaintiff's substantive rights. Yet, eliminating such potential prejudice "was a moving force behind the adoption of Fed. R. Evid. 408." *Id*. Further, making the parties' settlement negotiations a part of the record could very easily have a chilling effect on all parties' willingness to engage in settlement negotiations at all. *Id*. The court should be very reluctant to take any action that could impede the resolution of difficult controversies such as patent infringement lawsuits. Accordingly, the Court should strike Exhibits A, V, W, and BB to the Matterer Affidavit, Exhibits 4 and 5 to the McGrath Declaration, and all references to any of those documents made in Mitek's Opening Brief.

### III. CONCLUSION

Mitek's attorney fee claim is procedurally defective and should be stricken. When Mitek filed its Motion, it failed to state the amount of fees sought (or provide a fair estimate) as required under FED. R. CIV. P. 54(d)(2)(B). To date, neither the Court nor Plaintiff has any idea what amount of fees Mitek seeks and Mitek made no effort to show good cause or excusable neglect for its failures. Further, the settlement negotiations, third-party statements,

7

and evidence of research performed using Docket Navigator are clearly inadmissible under Fed. R. Evid. 408 and 802, among others, and should be stricken.

To award sanctions in this case would not only be unsupported by the facts,[3] but would violate Mr. Rothschild's due process rights to have the issue decided in accordance with the controlling statutes, the Federal Rules of Civil Procedure and based on evidence admitted in compliance with the Federal Rules of Evidence. None of those prerequisites are present here. Mitek's motion should be stricken.

Dated: December 11, 2017

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080
Stamatios Stamoulis #4606
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
weinblatt@swdelaw.com
stamoulis@swdelaw.com

*Of Counsel*:
Michael W. Shore*
Alfonso Garcia Chan*
Andrew M. Howard*
**SHORE CHAN DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
mshore@shorechan.com
ahoward@shorechan.com
achan@shorechan.com

* Admitted Pro Hac Vice
**ATTORNEYS FOR PLAINTIFF ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC**

---

[3] Even assuming every fact alleged in Mitek's motion were true (even though they are not).

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2017, I electronically filed the above document(s) with the Clerk of Court using CM/ECF, which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt